# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Audra Sarni, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:21-346-RMG |
| | ) | |
| vs. | ) | |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on July 22, 2022, recommending that the decision of the Commissioner be reversed and remanded to the agency because the decision of the Administrative Law Judge ("ALJ") failed to adequately address Plaintiff's well documented claim that she met the criteria for Listing 1.04A. (Dkt. No. 13). The Commissioner has advised the Court she does not intend to file objections to the R & R. (Dkt. No. 14).

By way of background, Plaintiff suffered a workplace injury to her back and asserts that she has been disabled from her onset date of January 14, 2014. Her date last insured was September 30, 2016. Plaintiff has raised on appeal her claim that her medical impairments satisfy the requirements of Listing 1.04A, which, if true, would render her disabled under the

Social Security Act. 20 C.F.R. § 404.1520(a)(4)(iii). This is Plaintiff's second appeal to this Court for relief. An earlier adverse decision of the ALJ was reversed and remanded on the motion of the Commissioner. *Sarni v. Saul*, C.A. No. 9:19-2429, Dkt. Nos. 12, 14.

Plaintiff asserts that the record before the Court documents a "text book example of debilitating symptoms caused by nerve root impingement" and meets "all of the requirements of Listing 1.04A." (Dkt. No. 10 at 21). Listing 1.04A requires a showing of "nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, [4] positive straight leg raising test (sitting and supine)." 20 C.F.R. Part 404, Subpart P, App.1, § 1.04A. To satisfy the requirements of Listing 1.04A, a claimant must show that she has suffered from nerve root compression continuously for at least 12 months and at some point during that period had each of the required symptoms. *Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013).

A review of the voluminous medical record in this matter confirms that Plaintiff has satisfied each element of the 1.04A Listing. This includes:

1. Documented nerve root compression (Tr. 411, 454);

2. Neuro-anatomic distribution of pain, limitation of motion of the spine, muscle weakness, and sensory loss (Tr. 374-375, 380, 382, 395, 410, 414, 416, 418, 420, 424, 430, 439, 463-464, 467, 475, 477, 501, 506, 512, 546, 550, 555, 568, 888-889, 892, 896, 908);

3. Positive straight leg raises (Tr. 375, 380, 382, 411, 469, 475, 478, 499, 550, 570).

The record before the Court plainly entitles Plaintiff to a finding that she meets the

requirements for a 1.04A Listing and a finding to the contrary would not be supported by substantial evidence.  The only issue is whether the Court should send this matter back to the agency for a second time after reversal or remand the case with an order to award benefits.  This Court's general practice is to remand to the agency for further proceedings but it is well settled that the Court has the authority to award benefits. 42 U.S.C. § 405(g).  An award of benefits by a district court is appropriate where, as here, the record is fully developed and it is clear the Commissioner would be required to award benefits on remand. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Holohan v. Massanairi*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Brown v. Kijakazi*, No. 2:31-353-RMG, 2021 WL 5276031, at *2 (D.S.C. Nov. 12, 2021).  This is particularly true where there has been a significant lapse of time in the administrative processing of the claim.  *Podedworny v. Harris*, 745 F.2d 210, 223 (3d Cir. 1984).  This application for benefits was filed on July 20, 2015, more than seven years ago.  The time to award benefits has now arrived.

The Court **ADOPTS** the Report and Recommendation as the order of this Court, supplemented by the award of benefits set forth above,  **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the Commissioner to award benefits from Plaintiff's onset date of January 14, 2014.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

August 2, 2022
Charleston, South Carolina

-3-

-4-